## S. L. CROOK CORPORATION v. POTTER et al.

### No. 9764.

Circuit Court of Appeals, Sixth Circuit.

Nov. 6, 1944.

## MATTHEWS v. UNITED STATES.

### No. 11093.

Circuit Court of Appeals, Fifth Circuit.

Nov. 9, 1944.

O. S. Lewis, of Dothan, Ala., for appellant.

Hartwell Davis, Asst. U. S. Atty., of Montgomery, Ala., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

S. D. Hodge, of Princeton, Ky., and Charles Ferguson, of Smithland, Ky., for appellant.

C. A. Pepper, of Princeton, Ky., for appellees.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

PER CURIAM.

The above cause coming on to be heard upon arguments, briefs of counsel, and transcript of the record, it appears that ap-

pellee Potter is the assignee of a judgment of foreclosure against property of appellant; that upon appellee's motion for an order of sale in such foreclosure proceedings, appellant filed answer and counter-claim, setting forth that appellee had entered into a contract to extend the time for payment of the judgment, that such extended period had not yet expired, and that appellee owed appellant, by virtue of the terms of a lease of the property in question, more than enough to pay the judgment debt. It appears from the pleadings that appellee is not a resident of the State of Kentucky and owns no property located therein. Section 378 of the Civil Code of Practice of Kentucky permits a judgment debtor to enjoin the enforcement of a judgment against him if he has an action pending in which the judgment could be used as a set-off against the judgment creditor, where it is necessary to do so in order to prevent loss by insolvency, non-residence, or otherwise; and Section 285 of the Civil Code of Practice of Kentucky requires that the action seeking such injunction be brought in the court in which the judgment was rendered. But it appears that appellant has made no application to enjoin the enforcement of the judgment. The trial court correctly held that appellant could not, in proceedings for sale under judgment of foreclosure, and without injunctive proceedings, stay such proceedings and litigate its claim against appellee by way of answer and counter-claim.

Wherefore, the judgment of the district court is affirmed.